KIBBY, ADM'X, v. KIMBALL ET AL.

1. **Accounting**: EVIDENCE CONSIDERED. The evidence in this case— being an action for an accounting—considered, and *held* to justify the judgment for plaintiff rendered in the court below.

*Appeal from Shelby District Court.*

FRIDAY, JUNE 6.

IT is alleged in the petition that George Kibby, plaintiff's intestate, and defendant, W. P. Kimball, entered into a con-

tract, whereby said Kibby agreed to furnish the sum of $1,-200 with which to purchase a stock of merchandise, to be put into a mercantile business to be established and carried on by him at the town of Irwin, said business to be under the control and management of said defendant; that, after the enterprise was started and had been carried on for some time, a partnership was formed under the name and style of C. J. Kimball & Sons, composed of said W. P. Kimball and his father, C. J. Kimball, and his brother, Thomas Kimball, and that this partnership contracted with said George Kibby for the purchase of said stock of goods, and agreed to pay him therefor the amount of the capital originally invested by him in the business, and to assume and pay all the outstanding debts and liabilities which had been contracted in carrying on the business; and that defendants had neglected and refused to pay either the amount of said capital or said outstanding debts, but that plaintiff, as administratrix of the estate of said Kibby, has been compelled to pay a large amount of said debts. The prayer is for an accounting between the parties, and that plaintiff have judgment for the amount which shall be found due the estate. The answer of the defendants is a general denial. The action was tried as an equitable action. The district court entered judgment against defendant, W. P. Kimball, but denied any relief as against the other defendants. Plaintiff appeals.

*Macy & Gammon* and *Platt Wicks*, for appellant.

*Smith & Cullison*, for appellees.

REED, J.—The case presents two questions of fact for our determination, viz, (1) whether the firm of C. J. Kimball & Sons was a party to the contract by which Kibby disposed of the stock of merchandise, or became liable to him for the consideration which was agreed to be paid him therefor; and (2) whether the judgment of the district court against W. P.

Kimball is for the full amount of the indebtedness created by said contract.

With reference to the first question, we deem it sufficient to say that the evidence satisfactorily shows that the contract was made by Kibby with W. P. Kimball, and that the partnership of C. J. Kimball & Sons was not formed until some time after the contract was entered into; and it does not appear that W. P. Kimball assumed by the contract to bind either of the other persons who subsequently composed the firm, or that he had any authority to bind them. The allegation of the petition is that, by the terms of the contract, the purchaser of the goods agreed to pay to Kibby the amount of the capital which he had invested in the business, and to assume and pay the outstanding debts and liabilities which had been contracted in the prosecution of the business. The evidence establishes that W. P. Kimball agreed to pay the outstanding debts, but is insufficient, we think, to establish that he agreed to pay the $1,200 invested in the business.

There is no evidence with reference to the terms of the contract, except certain statements and admissions said to have been made by Kimball with reference to the transaction; and it is not proven that, in any of these statements, he admitted that he was to pay said sum. The judgment of the district court is for the full amount of the debts which plaintiff has been compelled to pay, and we think that this is all the evidence shows is due. The judgment of the district court is, therefore,

AFFIRMED.